IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHER DIVISION

| | |
|---|---|
| **HECTOR LUIS ALONSO ALVELO** *and* **MARIA DOLORES RIOS BURGOS** | **PLAINTIFFS** |
| v. | **CIVIL ACTION NO. 1:23-cv-17-TBM-RPM** |
| **JUAN BATISTA RIVERA CASANOVAS, CARMEN ELISA DE LEON OTERO,** *and* **JOSE RIVERA CASANOVAS** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for Lack of Venue [3] filed by *pro se* Defendants Juan Batista Rivera Casanovas and Carmen De Leon Otero. The Court finds Defendants' Motion to Dismiss for Lack of Venue [3] should be granted as it relates to improper venue. *See* 28 U.S.C. § 1391(b). But the Court declines to dismiss the case and, instead, transfers the case to the United States District Court for the District of Puerto Rico, where venue is proper. *See* 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013).[1]

*Pro se* Plaintiffs Hector Luis Alonso Alvelo and Maria Dolores Rios Burgos sued Defendants in this Court claiming Defendants damaged Plaintiffs' property located in Puerto Rico. [1]. Defendants seek to have this case dismissed because venue is improper. [3]. Defendants contend that Plaintiffs' property "identified in the complaint is located in the Territory of Puerto Rico." [3]. Plaintiffs responded with a Motion [6] requesting the Court "dismiss" Defendants' Motion [3]. The Court finds Plaintiffs' Motion [6] is unpersuasive.

---

[1] The Court reserves ruling on Plaintiffs' Motion to Show Cause [8] and transfers that Motion with this case to the United States District Court for the District of Puerto Rico.

Plaintiffs are residents of Ocean Springs, Mississippi. [1]. Plaintiffs sued Defendants—residents of Puerto Rico—alleging that Defendants broke into Plaintiffs' property in Puerto Rico. [1]. Plaintiffs also allege that Defendants have taken the property, caused damage, and lived on Plaintiffs' property in Puerto Rico while using it for business as a mechanic shop. [1]. Plaintiffs claim that Defendants have damaged the property and request that the Court evict Defendants and award $274,750.00 of damages. [1].

Federal Rule of Civil Procedure 12(b)(3) allows for a party to raise the defense of improper venue. *See* FED. R. CIV. P. 12(b)(3). Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiffs' Complaint lacks any allegations that would establish the Southern District of Mississippi as a proper venue under Section 1391(b). *See* 28 U.S.C. § 1391(b). Plaintiffs do not allege that: (1) Defendants reside in the Southern District of Mississippi; or (2) that a substantial part of the events or omissions giving rise to the claim occurred here, or a substantial part of property that is the subject of the actions is situated in the Southern District of Mississippi. *See*

*Bundy v. ADESA Houston*, No. W-16-CA-00426-RP, 2017 WL 3209464, at *2 (W.D. Tex. Apr. 17, 2017) (holding plaintiff failed to establish venue was proper where the defendants did not reside within the district and no substantial event or the property in dispute were located within the district).

If venue is improper "the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr. Co., Inc.*, 571 U.S. at 56. "Congress enacted . . . § 1406(a), which required transfer when venue was improper but justice nonetheless weighed in favor of transfer to a proper venue rather than dismissal." *Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 793 (5th Cir. 2021) (citing *Transfer in the Federal Courts in the Absence of Personal Jurisdiction*, 61 Colum. L. Rev. 902, 902 (1961)). Section 1406 "was intended to 'remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits,' so that plaintiffs would not be penalized by 'time-consuming and justice-defeating technicalities.'" *Franco*, 3 F.4th at 793 (quoting *Goldlawr v. Heiman*, 369 U.S. 463, 466-67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)). Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Having determined that venue is improper in the Southern District of Mississippi, the Court must decide whether to dismiss this case or transfer it to an appropriate judicial district. 28 U.S.C. § 1406; *See Allman v. Jones*, No. 4:14-CV-142-BJ, 2014 WL 11515858, at *3 (N.D. Tex. Sep. 24, 2014) (citing 28 U.S.C. § 1406(a); *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 701 (S.D. Tex. 2013) ("The decision to dismiss or transfer lies within the court's discretion."). "[A] federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in

which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (internal citations omitted). "'Transfer may be upon a motion or sua sponte' and the interest of justice generally requires that the court transfer the case to the appropriate judicial district rather than dismiss it." *Bundy*, 2017 WL 3209464, at *3 (quoting *Allman*, 2014 WL 1151585, at *3). A case may be transferred to any district where it could have been brought. *See* 28 U.S.C. § 1406(a).

In this case, Plaintiffs sued Defendants over property located in Puerto Rico. [1]. Plaintiffs name as Defendants Juan Batista Rivera Casanovas, Carmen De Leon Otero, and Jose Rivera Casanovas who are all citizens of Puerto Rico. [1]. Venue is proper in the United States District Court for the District of Puerto Rico because the identified Defendants, a substantial part of the claims, and the property which forms the basis of the Complaint are in Puerto Rico. *See Harrison v. McDonald's Mgmt. Co.*, No. 1:10-CV-587-LG, 2011 WL 2036443 (S.D. Miss. May 24, 2011) (holding transfer is proper where "[t]here is no allegation that any property that is the subject of this action is situated in the Southern District of Mississippi."). "[I]t is enough simply that the court thinks transfer is in the interest of justice." 14D Charles A. Wright, et al., Federal Practice and Procedure § 3827 (4th ed. 2021).

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Rather than dismiss this action, the interest of justice is served by transferring this suit to the District of Puerto Rico. *See* 28 U.S.C. § 1406(a); *Koh v. Guerrero*, No. 5:17-CV-36-KS, 2017 WL 11469645 (S.D. Miss. Sep. 6, 2017) (transferring suit in the interest of justice and because *pro se* litigants are held to less stringent standards in formal pleadings); *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D.

4

Tex. 2000) ("[T]he fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district.").

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Dismiss for lack of venue is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDED AND ADJUDGED that Plaintiffs' Motion [6] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that this case and all pending motions be TRANSFERRED to the United States District Court for the District of Puerto Rico.

THIS, the 1st day of August, 2023.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE